UNITED STATES of America,
Plaintiff–Appellee,

v.

Ernesto ANTONE, Sr., Defendant–
Appellant.

No. 91–10503.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1992.

Decided Dec. 15, 1992.

Glenda E. Edmonds, Asst. Federal Public Defender, Tucson, AZ, for defendant-appellant.

Philip G. Espinosa and James D. Whitney, Asst. U.S. Attys., Tucson, AZ, for plaintiff-appellee.

Before: HUG, FLETCHER, and BRUNETTI, Circuit Judges.

HUG, Circuit Judge:

Ernesto Antone, Sr. ("Antone") appeals his convictions for sexual abuse of a minor in violation of 18 U.S.C. §§ 1153 and 2243(a) and sexual contact with a minor in violation of 18 U.S.C. §§ 1153 and 2244. Antone argues that the district court's denial of his motion to compel production of the minor victim's psychiatric records violated his right to due process and his Sixth Amendment right to confront the witnesses

against him. In addition, Antone contends that the district court's decision to allow a child psychiatrist to testify to general behavioral characteristics exhibited by victims of child sexual abuse constituted error because the psychiatrist's testimony improperly bolstered the testimony of the minor victim in this case.

The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

## I. BACKGROUND

Antone was charged in an indictment with five counts of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153 and 2243(a). He was accused of sexually abusing his 14–year–old niece, Darlene,[1] in his home. Antone's house had been occupied by Darlene's deceased grandfather and was a family gathering place. After school in Sells, Arizona, Darlene frequently went to her uncle's house to wait for her mother to pick her up and take her home to Topawa, 10 miles away. It was during these after-school periods that the incidents of sexual abuse were alleged to have occurred.

Prior to trial, defense counsel learned from another family member that Darlene had been in counseling for psychological problems, including lying and stealing. In addition, defense counsel learned that Darlene had described to authorities not only her victimization by Antone, but also incidents of sexual molestation by her deceased grandfather and a cousin six to seven years earlier. It was during that earlier time that Darlene began to exhibit behavioral problems, clashed with her mother, took paperclips, chalk, and other small items from school, and took some money from her mother's purse. Darlene's mother responded by taking Darlene to Indian Health Services for counseling, on and off, for several years.

Antone attempted to subpoena Darlene's counseling records, but the Tohono O'Od-

---

1. The court has decided sua sponte to identify the minor victim by the fictitious name "Darlene." *See United States v. Roe,* 976 F.2d 1216, n. * (9th Cir.1992).

ham Nation and its Psychological Services Program refused to produce them. Antone then filed a motion to compel production of the records. The district court reviewed the records in camera, denied the motion, and ordered the records filed under seal.

Antone also filed a motion in limine to preclude the Government from introducing expert testimony concerning general behavioral characteristics of sexually abused children. Antone renewed both motions immediately prior to jury selection. The district court denied the motions.

At trial, Darlene testified to two incidents of digital penetration and three incidents where Antone "pulled her pants and underwear down, then unzipped his pants, laid on top of her and rubbed his penis against her vagina for three to four minutes." Darlene admitted that she had seen a counselor, on and off, since grade school. She stated that she had last seen a therapist two to three weeks prior to telling a school counselor that she had been sexually abused. Darlene also admitted that although several relatives and a friend lived near Antone's house, she had frequently and voluntarily returned to his home throughout the period of abuse.

Dr. Herschel Rosenzweig, a child psychiatrist, testified to the general characteristics of sexually abused children. Dr. Rosenzweig testified that it is not unusual for children to keep the fact that they are being sexually molested to themselves or to voluntarily return to their abusers.

A jury found Antone guilty of three counts of sexual abuse of a minor and two counts of the lesser included offense of sexual contact with a minor. The district court sentenced Antone to concurrent terms of 41 months of imprisonment for each of the sexual abuse counts and 24 months of imprisonment for each of the sexual contact counts. The district court also imposed terms of supervised release of 36 months and 12 months for each of the sexual abuse and sexual contact counts, respectively.

## II. ACCESS TO THE VICTIM'S PSYCHIATRIC RECORDS

The district court reviewed Darlene's psychiatric records in camera and determined that the file contained no evidence relevant to this case. The district court denied Antone's motion to compel production of the victim's psychiatric records and ordered the records filed under seal.

■ Antone asserts that the district court's decision violated his right to due process and his Sixth Amendment right to confront the witnesses against him. We review a district court's refusal to grant a defendant access to a government witness' psychiatric records for abuse of discretion. *See United States v. Sterling,* 742 F.2d 521, 527 (9th Cir.1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985).

■ Having read Darlene's psychiatric records in their entirety, we find nothing in them that lends any support to the defendant's theory that Darlene's testimony was fabricated. *See United States v. Butt,* 955 F.2d 77, 81 (1st Cir.1992). Nor do we find any evidence in the reports that suggests Darlene suffered from any psychosis, mental defect or deficiency, or addiction at any time. *See id.* at 82–83. Although the behavior that led Darlene's mother to place her in counseling may have been relevant, to some degree, to the issue of Darlene's credibility at trial, nothing in the reports themselves had any bearing on her credibility. Release of the reports could only serve to publicize sensitive, personal information and, if anything, harm—not help— the defendant. *See also Maryland v. Craig,* 497 U.S. 836, 852, 110 S.Ct. 3157, 3167, 111 L.Ed.2d 666 (1990) (the interest in "protection of minor victims of sex crimes from further trauma and embarrassment is a 'compelling' one").

Antone relies primarily on *United States v. Lindstrom,* 698 F.2d 1154 (11th Cir. 1983), and *United States v. Partin,* 493 F.2d 750 (5th Cir.1974), to support his contention that the district court improperly withheld the records. However, *Lindstrom* and *Partin* are distinguishable from this case. Unlike *Lindstrom* and *Partin,*

there is no evidence in this case or in the sealed psychiatric records that Darlene suffered from a serious mental illness shortly before or during the period in which the events to which she testified occurred.

We conclude that the district court's assessment of the records was accurate. The records are not relevant to Darlene's veracity, and nothing in them should have been made available to Antone. Therefore, we hold that the district court's decision to deny Antone's motion to compel production of the records was not an abuse of discretion.

### III. ADMISSION OF EXPERT TESTIMONY CONCERNING GENERAL BEHAVIORAL CHARACTERISTICS OF SEXUALLY ABUSED CHILDREN

■ We turn to Antone's argument that the district court erred in allowing the Government to introduce the testimony of Dr. Rosenzweig, a child psychiatrist, who testified to general behavioral characteristics exhibited by victims of child sexual abuse. We review a district court's decision to admit expert psychiatric testimony for abuse of discretion. *United States v. Hadley*, 918 F.2d 848, 852 (9th Cir.1990), *cert. dismissed*, — U.S. —, 113 S.Ct. 486, 121 L.Ed.2d 324 (1992); *United States v. Binder*, 769 F.2d 595, 601 (9th Cir.1985).

Antone's argument is strikingly similar to the argument advanced by the appellant in *Hadley*, an elementary school teacher convicted of sexually abusing a student at the Bureau of Indian Affairs school where he taught. *See Hadley*, 918 F.2d at 850. Like Antone, Hadley appealed his conviction on the ground that the same Dr. Rosenzweig's expert testimony should have been excluded because it improperly bolstered the testimony of the minor victims of sexual abuse. *Id.* at 852. Also like Antone, Hadley looked for support to this court's decision in *Binder*. *Id.*

In *Binder*, this court assigned error to the district court's decision to admit expert testimony concerning the credibility of the abused children. 769 F.2d at 602. Of critical importance to the decision was the fact that

[t]he testimony of the experts ... was not limited to references to psychological literature or experience or to a discussion of a class of victims generally. Rather the experts testified that these particular children in this particular case could be believed. The jury in effect was impermissibly being asked to accept an expert's determination that these particular witnesses were truthful.

*Id.*

No such finding can be made in this case. As he did in *Hadley*, Dr. Rosenzweig "testified about general behavior characteristics that may be exhibited in children who have been sexually abused, and the testimony was therefore limited 'to a discussion of a class of victims generally.'" *Hadley*, 918 F.2d at 852 (quoting *Binder*, 769 F.2d at 602). As in *Hadley*, this general testimony merely assisted the trier of fact in understanding the evidence; it did not improperly bolster the particular testimony of the child victim in this case. *See id.* at 852–83.

We conclude that the district court did not abuse its discretion in denying Antone's motion to compel the production of Darlene's psychiatric records or in allowing Dr. Rosenzweig to testify to the general behavioral characteristics exhibited by victims of child sexual abuse.

AFFIRMED.