**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Henry TSINNIJINNIE, Defendant–Appellant.**

**No. 95–10278.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1996.

Decided Aug. 1, 1996.

Gerald A. Williams, Assistant Federal Public Defender, Phoenix, Arizona, for defendant-appellant.

Timothy C. Holtzen, Assistant United States Attorney, Phoenix, Arizona, for plaintiff-appellee.

Before: GOODWIN, PREGERSON and KOZINSKI, Circuit Judges.

GOODWIN, Circuit Judge:

Tsinnijinnie appeals his conviction after a jury trial for sexual abuse of a minor. The district court permitted the government to impeach Tsinnijinnie by reading from his plea of guilty in tribal court to a reduced charge of endangering a minor based upon substantially the same conduct which he denied in the district court. The district court also admitted, over defense objections, evidence of Tsinnijinnie's prior physical abuse of the victim and testimony of an expert witness on child abuse. We affirm.

## I. FACTS

Tsinnijinnie lived in a one room trailer with his wife Pauline, their sons, and Pauline's nine-year-old daughter. One night, Pauline noticed her daughter's clothes on the floor near the sofa where she slept and asked Tsinnijinnie when the daughter had changed her clothes. He said he didn't know. The next morning she questioned the girl, who told her that Tsinnijinnie had sexually assaulted her. The girl told her mother it had happened before. Pauline confronted Tsinnijinnie. She says that he admitted the conduct, admitted it had happened before, and promised it wouldn't happen again.

Two days later a social worker visited the trailer to work with one of the sons. Pauline told the social worker what had happened, and the social worker took the children to their maternal grandmother and Pauline to the police. The police then interviewed the girl and obtained a medical examination. The examination produced nothing incriminating.

Tsinnijinnie was arrested and interviewed by a criminal investigator, Tyrone Benally. Tsinnijinnie initially denied doing anything to the girl, then he later told Benally that he had touched her after she had directed sexual advances toward him. He also told Benally that the first time anything like that had happened was when his wife and youngest son came home from the hospital about September 1992. This is consistent with the girl's statement that the abuse started when she was in second grade. Tsinnijinnie later claimed he fabricated this statement because Benally told him that if he confessed he would be able to leave sooner.

Tsinnijinnie was charged by the Navajo Tribal police, and with the advice of counsel, entered a plea of guilty in the Tribal Court to two counts of endangering a minor. The plea agreement is memorialized in a document which bears both Tsinnijinnie's and his lawyer's signatures. He was afterward indicted on two counts under the Major Crimes Act: 1) one violation of 18 U.S.C. § 2241(c), aggravated sexual abuse of a minor, and 2) one violation of 18 U.S.C. § 1153, knowingly engaging or attempting to engage in a sexual act with a minor within Indian Country. This indictment was based on the same conduct for which Tsinnijinnie pled guilty in Tribal Court.[1]

Defendant was tried twice in district court. The first trial ended in a mistrial. In both trials, Tsinnijinnie took the stand and denied any sexual conduct with the alleged victim (called Jane Doe in the record). On cross examination he was asked, in both trials, by way of impeachment, if he had pled guilty to sexual misconduct with the same child when he was before the Tribal Court. The district court allowed the question to be asked and answered.

At the second trial, Tsinnijinnie again took the stand and swore that he had not sexually abused the girl, and that he had falsely told the interviewing officer he had touched her only to get to go home to be with his children. The government again, on cross exam-

1. Double jeopardy after a conviction in the Tribal Court does not bar federal criminal prosecution for essentially the same conduct, because the Navajo Tribal Court and the federal government are separate sovereigns. *United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978).

ination, produced the plea agreement from the Tribal Court, signed by both Tsinnijinnie and his lawyer, and again asked the defendant about his guilty plea.

The second trial resulted in a mistrial on Count 1 and a guilty verdict on Count 2. The district court sentenced Tsinnijinnie to 134 months custody and 36 months supervised release.

## II. IMPEACHMENT

■ Tsinnijinnie claims his plea should not be used for impeachment because it was not voluntary. However, there is no evidence that the plea was coerced. Even if we assume that the tribal court plea violated Federal Rule of Criminal Procedure 11, that does not mean that the plea cannot be used for impeachment purposes.

The Supreme Court has repeatedly allowed the use of statements that violate *Miranda*[2] to impeach the credibility of the defendant who takes the stand and whose testimony is contrary to those statements. *Oregon v. Hass,* 420 U.S. 714, 723, 95 S.Ct. 1215, 1221, 43 L.Ed.2d 570 (1975); *Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 646, 28 L.Ed.2d 1 (1971).

In *Harris,* the defendant was not "Mirandized" but made no claim that his statements were coerced or involuntary. The court concluded that the right to testify in one's own defense "cannot be construed to include the right to commit perjury." *Id.* at 225, 91 S.Ct. at 646. In *Hass,* the defendant was read his rights, asked for a lawyer, and was told he could call one once he got to the station. The police officer proceeded, contrary to the *Miranda* rules, to ask about the crime. The defendant confessed and led the officer to the stolen merchandise. The Supreme Court expanded *Harris* and allowed the admission of inculpatory information even though it was obtained in violation of *Miranda.*

*Harris* and *Hass* have been applied in a search and seizure case. *U.S. v. Havens,* 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980). Evidence obtained in violation of the 4th Amendment was used to impeach the defendant for statements he made on cross examination. *Id.* at 627–28, 100 S.Ct. at 1916–17. We have also permitted suppression hearing testimony to be used for impeachment, even though the 5th Amendment prevents its admission as substantive evidence of guilt. *U.S. v. Beltran–Gutierrez,* 19 F.3d 1287 (1994).

We hold that plea agreements, like statements made in violation of *Miranda,* may be received in evidence for impeachment purposes even if tribal courts do not follow Rule 11. The Constitutional protection which guards against coercion by the government should not be "perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances." *Harris,* 401 U.S. at 226, 91 S.Ct. at 646 (1975).

## III. PRIOR BAD ACTS

The prosecutor introduced evidence that Tsinnijinnie had touched and rubbed the girl's private area "a lot of times" and that he had struck her on separate occasions with his hands, a belt, and a rake. The evidence was offered by the prosecutor to demonstrate opportunity and the context in which the charged crimes occurred, and to help explain why the victim did not report the abuse, or why she submitted to it quietly.

■ The Government argues these prior acts of Tsinnijinnie are admissible under Fed.R.Evid. 404(b). The district court agreed. Rule 404(b) allows evidence of prior bad acts "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence should be excluded "only when it provides nothing but the defendant's criminal propensities." *United States v. Hadley,* 918 F.2d 848, 850 (9th Cir.1990).

■ The test for admitting evidence under 404(b) is whether: 1) it tends to prove a material fact; 2) the prior act is not too remote in time; 3) the evidence is sufficient

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (prosecutor may not use statements stemming from custodial interrogation unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination).

to support a finding that the defendant committed the act; and 4) where knowledge and intent are at issue, the act is similar to that charged. *U.S. v. Mayans,* 17 F.3d 1174, 1181 (9th Cir.1994). The probative value of the evidence must also not be substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403.

The evidence presented by the government of Tsinnijinnie's prior physical abuse proves a material fact. Under the first prong, the evidence of prior bad acts demonstrates how a child could be afraid enough to submit to such actions quietly, without telling her mother, who was nearby. *See also United States v. Winters,* 729 F.2d 602 (9th Cir.1984) (evidence of beatings and rapes of other victims was admissible under Rule 404(b) in a Mann Act prosecution to show modus operandi, motive and intent, and also to explain victims' failure to escape and call for help). Secondly, all of the evidence of prior physical abuse introduced by the government occurred within two years of when the charges were brought and was not remote in time. Thirdly, the evidence was sufficient to prove that Tsinnijinnie committed the prior physical abuse; testimony of the victim, alone, is sufficient and here the government presented the victim's testimony and the corroborating statements of a medical doctor. Finally, knowledge and intent are not at issue in this case.

Tsinnijinnie argues that the evidence of prior physical abuse should have been excluded under Rule 403 because its prejudicial effect substantially outweighs its probative value. The district court heard evidence on the Rule 403 arguments and permitted the testimony. The court gave limiting instructions to the jury after the testimony of the victim and at the end of the trial. The district court did not abuse its discretion in weighing the probative value of the evidence and allowing the evidence to come in.

## IV. EXPERT TESTIMONY

Tsinnijinnie also objected to the introduction of the evidence of prior physical abuse because he alleges it was used improperly with the testimony of an expert to bolster the credibility of the victim. The witness was an expert on child sex abuse and testified about the timing of reports of sexual abuse by children. She did not testify about any specific actions in this case and did not examine the victim.

The district court's decision to admit this testimony is reviewed for abuse of discretion. *U.S. v. Antone,* 981 F.2d 1059, 1062 (9th Cir.1992). The expert did not bolster the credibility of the victim. The expert testimony was offered only to explain why children may be intimidated by physical abuse and deterred from complaining against the abuser, sometimes for long periods of time. The testimony was not offered to prove that the defendant had physically abused the child, but to explain how, if such conduct occurs, it may affect children. There was no abuse of discretion, and no error.

AFFIRMED.