103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio DELGADO, Defendant-Appellant.
 No. 96-55019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Delgado appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 204-month sentence for various controlled substance offenses. Delgado contends that the district court erred by dismissing his motion because: (1) his prosecution was barred under the Double Jeopardy Clause; (2) the prosecutor engaged in misconduct; and (3) his trial and appellate counsel were ineffective. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Delgado's motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Delgado contends that his double jeopardy rights were violated when he was prosecuted subsequent to an administrative forfeiture of his property. This contention is foreclosed by the Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2135, 2149 (1996) ("[C]ivil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause.").
 
 
 4
 Delgado contends that the prosecutor improperly used the "manufactured" prior bad acts testimony of two informants, and that the prosecutor committed misconduct during his closing argument by vouching for witnesses's credibility, testifying to matters not in evidence, and making prejudicial remarks.
 
 
 5
 Here, the record shows that the prosecution introduced the informant testimony as legitimate evidence of Delgado's predisposition to commit the offense, see United States v. Mkhsian, 5 F.3d 1306, 1309 (1993); cf. United States v. Tsinjinnie, 91 F.3d 1285, 1288 (9th Cir.1996), and Delgado has not shown that this testimony was in any way "manufactured" by the prosecution. Additionally, a review of the prosecution's closing argument does not reveal that the prosecutor engaged in any of the other behavior that Delgado alleges. See United States v. Frederick, 78 F.3d 1370, 1378-79 (9th Cir.1996). Accordingly, Delgado's prosecutorial misconduct claim fails.
 
 
 6
 Delgado contends that his trial counsel rendered ineffective assistance by failing to: (1) argue that Delgado's prosecution was barred by the Double Jeopardy Clause; (2) challenge the government's use of informant testimony on the ground that it was "prior bad act" evidence; (3) object to prosecutorial misconduct; (4) call critical witnesses; and (5) request a jury instruction regarding duress. Delgado also contends that his appellate counsel was ineffective for failing to raise these issues on appeal.
 
 
 7
 A claim of ineffective assistance of counsel requires a showing that counsel's performance was deficient and that this deficient performance prejudiced the defendant. See Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697. The standard for ineffective assistance of counsel is the same for both trial and appellate counsel. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989).
 
 
 8
 Here, Delgado's ineffective assistance claims fail. See id. at 687. Because Delgado's double jeopardy claim is foreclosed by Ursery, he was not prejudiced by trial counsel's failure to argue that his prosecution was barred. See Ursery, 116 S.Ct. at 2149.
 
 
 9
 As discussed above, the prosecution did not improperly introduce evidence of prior bad acts, nor did it engage in misconduct. Accordingly, Delgado's trial counsel was not ineffective for failing to object to the admission of the testimony or to the prosecutor's closing argument. See Strickland, 466 U.S. at 687.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3