Dennis Shannon CRABTREE,
Petitioner—Appellant,

v.

Ivalee HENRY, Warden, Respondent—
Appellee.

No. 01–15516.
D.C. No. CV–96–01313–FCD/JFM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided April 18, 2002.

Before O'SCANNLAIN and TALLMAN, Circuit Judges, and KING,* District Judge.

MEMORANDUM**

California state prisoner Dennis Shannon Crabtree ("Crabtree") was convicted of forcible oral copulation, penetration by a foreign object, and three counts of a forcible lewd and lascivious act with a child under fourteen years of age in violation of the California Penal Code. On appeal, Crabtree contends that his habeas petition, filed pursuant to 28 U.S.C. § 2254, should have been granted because he was denied effective assistance of counsel and because he was precluded from presenting a defense which denied him his right to a fair trial. We review the district court's decision to deny a § 2254 habeas petition de novo. *See Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001). We have jurisdiction

under 28 U.S.C. §§ 1291 & 2253, and we affirm.

Crabtree's petition was filed after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") and is therefore governed by the provisions of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, we may reverse a state court's decision denying relief only if that decision (1) was contrary to clearly established federal law as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "In order to determine a state court decision's reasonableness or unreasonableness, we use a 'clearly erroneous' standard." *Fisher v. Roe*, 263 F.3d 906, 915 (9th Cir.2001). Although the only definitive source of clearly established federal law under AEDPA is the holdings of the Supreme Court, Ninth Circuit case law may be used as "persuasive authority for deciding whether a state court decision unreasonably applied Supreme Court precedent, or it may help the court determine what law is clearly established." *Chia v. Cambra*, 281 F.3d 1032, 1037 (9th Cir. 2002).

1. Ineffective Assistance of Counsel Claims

We review the question of whether a defendant received ineffective assistance of counsel de novo. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir.), *amended*, 2002 WL 253798 (9th Cir.2002). It is

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

well settled that the clearly established federal law governing claims for ineffective assistance of counsel derives from the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A review of the record shows that Crabtree has failed to demonstrate that his counsel's actions fell below an objective standard of reasonableness, or that any prejudice resulted from his actions as required under *Strickland*. *See id.* at 688, 694.

■ Crabtree has failed to demonstrate that trial counsel's failure to object to Dr. Pugno's testimony fell below an objective standard of reasonableness. Dr. Pugno's sole purpose in testifying about Child Sexual Abuse Accommodation Syndrome ("CSAAS") was to acquaint the jury with the general traits exhibited by child victims of sexual assault. We have held that the type of general testimony provided by Dr. Pugno is admissible since it "merely assist[s] the trier of fact in understanding the evidence; it does not improperly bolster the particular testimony of the child victim." *United States v. Antone*, 981 F.2d 1059, 1062 (9th Cir.1992); *see also United States v. Bighead*, 128 F.3d 1329, 1330 (9th Cir.1997) (district court did not abuse its discretion in allowing an expert to testify about typical characteristics of victims of child abuse, where the expert had not testified about the facts of the particular case or victim). Although some courts have found CSAAS testimony to be an impermissible way of bolstering the credibility of a child witness, the state court did not unreasonably apply federal law in finding that trial counsel's decision not to object to the admission of this testimony fell below an objective standard of reasonableness.

■ Crabtree also contends that defense counsel rendered ineffective assistance when he failed to obtain a document which would have allegedly shown that Tammy, Michelle's mother, had illegally forged Crabtree's name on a welfare form. Since Crabtree failed to provide any evidence to demonstrate that he was made aware of his wife's alleged welfare fraud before the charges were made, trial counsel's failure to obtain and present this evidence did not amount to attorney error. *See Strickland*, 466 U.S. at 688.

■ The state court also reasonably applied clearly established law in determining that Crabtree failed to demonstrate prejudice. We agree with the California Court of Appeal that the case against Crabtree was strong. Michelle identified Crabtree as the perpetrator of the crime while she was on the witness stand. Moreover, Michelle's testimony describing the incident of molestation was strongly corroborated by the testimony of nurses Gloria Castro and Judith Tarrant. In addition, it was uncontested that Crabtree was the only adult at home with Michelle at the time of the alleged incident. Finally, Detective Walker's testimony undermined the story provided by Crabtree regarding the events of December 6. Crabtree thus failed to demonstrate that but for counsel's alleged errors, there was a "reasonable probability" that "the result of the proceeding would have been different." *Id.* at 694

2. Right to Fair Trial Claim

■ Crabtree asserts that the state court's decision excluding the testimony of Crabtree's father regarding an alleged false accusation made by Michelle on a prior occasion against Crabtree's father, constituted an unreasonable application of clearly established federal law. The strongest source of clearly established law implicating Crabtree's claim that he was denied the right to a fair trial and to call witnesses in his defense is *Crane v. Ken-*

*tucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). Although not factually identical to the case at hand, the Supreme Court in *Crane* recognized the general principle that criminal defendants have a "fundamental constitutional right to a fair opportunity to present a defense." *Id.* at 687 (citing *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984)).

In habeas proceedings, we balance five factors to determine whether the exclusion of evidence in the trial court violated a petitioner's due process or Sixth Amendment rights: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. *See Tinsley v. Borg,* 895 F.2d 520, 530 (9th Cir.1990); *Chia,* 281 F.3d at 1037. Analysis of the *Tinsley* factors demonstrates that the state court's decision denying habeas relief in this case was not clearly erroneous. *See Fisher,* 263 F.3d at 915.

While the testimony, if admitted, would have weakened Michelle's credibility, it would not have been probative or reliable for the very reasons delineated by the California Court of Appeal. The mere existence of a prior accusation and dismissal of the charges against the accused would not itself demonstrate that Michelle had lied and was therefore an incredible witness. Further, as the California court properly found, "[Crabtree's] father was not a disinterested witness who had no reason to lie; he had a compelling motive to falsely denounce Michelle in order to protect his son." Given the unreliability and irrelevance of the proposed testimony, and the "wide latitude" give to determinations of state court judges excluding "mar-

ginally relevant" evidence, *Crane,* 476 U.S. at 689–90, the state court's decision to exclude this testimony cannot be said to have rendered the state proceeding so fundamentally unfair as to violate Crabtree's due process rights. *See Tinsley,* 895 F.2d at 530.

Finally, even if the exclusion of this testimony constituted error, any such error was harmless given the strength of the evidence against Crabtree. *See Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Hegler v. Borg,* 50 F.3d 1472, 1474 (9th Cir.1995).

**AFFIRMED**