**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rodolfo GARCIA, aka Rudolfo Garcia,
Defendant—Appellant.**

No. 03–10624.

D.C. No. CR–02–00796–MHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2005.

Decided Aug. 16, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Michael T. Morrissey, Dyanne C. Greer, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Donna Lee Elm, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM *

We affirm Garcia's jury trial conviction, and remand his sentence to the district court under the procedure set forth in *United States v. Ameline.*[1]

The district court did not abuse its discretion[2] in allowing in the "other bad act" evidence under Federal Rule of Evidence 404(b). The evidence of physical abuse was properly admitted under *United States v. Tsinnijinnie*[3] to show why the girls did not report the abuse right away. The uncharged acts of sexual abuse of the girls were also properly admitted because they tended to show opportunity, intent, knowledge, and absence of mistake or accident. The district court did not abuse its discretion in performing Federal Rule of

---

1. *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

2. *See United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1062 (9th Cir.2004).

3. *United States v. Tsinnijinnie,* 91 F.3d 1285 (9th Cir.1996).

Evidence 403 balancing. A limited number of incidents came into evidence for each of the three victims. Since the credibility of each victim mattered, the number of incidents extraneous to the crimes charged have to be considered for each one, rather than cumulatively.

Because the district court properly admitted the "other bad acts" evidence under Rule 404(b), we need not address Garcia's burden of proof argument with respect to admitting evidence of child molestation under Rule 414.

 The district court did not abuse its discretion[4] in denying Garcia's motion for a mistrial when two incidents of "other bad act" evidence came in of which the defense was not given pretrial notice. The only two such incidents that were testified to where the defense objected were immediately stricken by the district court, and the jury was admonished to disregard them.

 The district court did not abuse its discretion[5] in overruling defense counsel's objection to prosecutorial vouching. The prosecutor's statement, "I know this is hard," to a crying witness did not express a personal belief in the veracity of the witness, nor did it indicate that information not presented to the jury supported the testimony of the witness.[6] Thus it was not vouching and no remedial measures were necessary.[7]

The cumulative impact of the alleged errors does not require reversal of the conviction.[8]

Garcia raises several sentencing issues. In light of the Supreme Court's decision in *United States v. Booker*[9] and this court's en banc decision in *United States v. Ameline*,[10] we remand to the district court to determine whether resentencing is appropriate.

**AFFIRMED in part, and REMANDED.**

---

4. *See United States v. Allen,* 341 F.3d 870, 891 (9th Cir.2003).

5. *See United States v. Steele,* 298 F.3d 906, 911 (9th Cir.2002).

6. *See United States v. Edwards,* 154 F.3d 915, 921 (9th Cir.1998).

7. *See id.*

8. *See United States v. Berry,* 627 F.2d 193, 201 (9th Cir.1980).

9. *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

10. *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).