**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ROBERT WALLACE SMITH,<br><br>Defendant-Appellant. | No. 16-10399<br><br>D.C. No. 1:13-cr-00194-DAD-BAM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

Before: WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Defendant-Appellant Robert Wallace Smith appeals his jury trial conviction

and his 240-month sentence. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

1.     The district court did not abuse its discretion by admitting Defendant's former girlfriend's testimony.  The district court properly applied the four factors set forth in *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996), and subsequently weighed the probative value of the material against the danger of unfair prejudice.  *See* Fed. R. Evid. 403, 404(b)(2).  The evidence was properly admitted, with a limiting instruction, to prove intent, knowledge, and the absence of mistake or lack of accident.

2.     Defendant appeals the non-disclosure of *in camera* materials that were submitted by the Government to the district court and asks this court to review the sealed materials.  We have reviewed the documents and conclude that the district court did not abuse its discretion by deciding that the information need not be disclosed to the Defendant.  See *United States v. Streit*, 962 F.2d 894, 900 (9th Cir. 1992).

3.     Defendant challenges his 240-month sentence as substantively unreasonable. The district court adopted the presentence report which stated that the Defendant's advisory guideline sentence range would be between 324 and 405 months.  The district court, however, recognized that the statutory maximum was 240 months and thus the appropriate advisory sentencing guideline in accordance with U.S.S.G.

§ 5G1.1(a). Additionally, as it stated, the district court "utilize[d] the advisory sentencing guidelines only as a starting point in the process."

The district court heard arguments from the Defendant regarding sentencing enhancement objections, downward variance requests, and the offered plea terms prior to trial. The district court also considered, among other things, the Defendant's submitted letter, the Defendant's familial support, and the Defendant's lack of criminal history. As the district court indicated, "for whatever reasons," the Defendant was unable to accept responsibility.

In light of all these considerations, the district court imposed the 240-month sentence. Based on the record and the explanation given by the district court, we conclude that the 240-month sentence was not substantively unreasonable.

4. Defendant argues that the district court's sentencing explanation was insufficient and constituted procedural error. We disagree. The district court heard Defendant's arguments and objections and provided a sufficient explanation for the sentence imposed. Although succinct, the district court adequately stated the rationale for imposing the 240-month sentence and did not abuse its discretion.

**AFFIRMED.**