

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10400 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-08232-DLR-1 |
| v. | |
| ELI SLOAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 6, 2019[**]
Phoenix, Arizona

Before: CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Eli Sloan appeals his conviction on six counts relating to his kidnapping of

his estranged wife. We have jurisdiction under 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Statements in the prosecutor's closing argument do not constitute plain error warranting reversal. In describing Olivia Cowboy as courageous, the prosecutor made a reasonable inference from Cowboy's testimony. The statement did not convey either that the government was guaranteeing Cowboy's veracity or that evidence not presented to the jury, but known to the prosecutor, supported her testimony. Therefore, the prosecutor's statement did not constitute impermissible vouching. *See United States v. Atcheson*, 94 F.3d 1237, 1245 (9th Cir. 1996); *see also United States v. Weatherspoon*, 410 F.3d 1142, 1146–48 (9th Cir. 2005).

Nor has Sloan pointed to statements in the prosecutor's argument improperly urging the jury to convict Sloan to prevent him from harming anyone in the future. Rather, the prosecutor argued that Sloan intended to kill Cowboy before Cowboy escaped, that Cowboy did not seek help because she feared Sloan would assault her for doing so, and that the jury should not repeat Cowboy's mistake of believing Sloan's lies. These statements did not improperly urge the jury to convict Sloan "for reasons wholly irrelevant to his own guilt or innocence." *Weatherspoon*, 410 F.3d at 1149 (quoting *United States v. Koon*, 34 F.3d 1416, 1443 (9th Cir. 1994)).

Because Cowboy's and Sloan's testimonies were contradictory, the prosecutor did not err in arguing that it was Sloan, rather than Cowboy, who was lying. *See United States v. Molina*, 934 F.2d 1440, 1444–45 (9th Cir. 1991).

2

Given that the prosecutor accurately recounted Sloan's testimony that his mother hung up on him and stopped answering his calls, the prosecutor did not err in suggesting that the jury draw a reasonable inference that Sloan's mother did not believe his version of events. *See id.* at 1445; *see also United States v. Flores*, 802 F.3d 1028, 1037 (9th Cir. 2015).

The district court also did not abuse its discretion by admitting prior act evidence under Rule 404(b) of the Federal Rules of Evidence given that each of the challenged prior acts of abuse by Sloan against Cowboy were: (1) relevant to showing that Sloan intended to assault and murder Cowboy and to explaining why Cowboy did not attempt escape or call for help during the attack and kidnapping; (2) similar to the crimes Sloan was charged with; (3) supported by testimony; and (4) occurred within two years of the alleged crime. *See United States v. Hinton*, 31 F.3d 817, 822–23 (9th Cir. 1994); *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288–89 (9th Cir. 1996). Nor did the district court abuse its discretion in finding that the probative value of this evidence was not substantially outweighed by a danger of unfair prejudice or other harms, given that the evidence was probative of intent and that the district court gave the jury a proper limiting instruction. *Hinton*, 31 F.3d at 823; *see also* Fed. R. Evid. 403.

Because Sloan has not identified any errors, there is no cumulative effect of errors that warrants reversal of his convictions. *See United States v. Beck*, 418 F.3d 1008, 1016 n.7 (9th Cir. 2005).

**AFFIRMED.**