**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXIS JOEL AMAYA,<br><br>Petitioner-Appellant,<br><br>v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>Respondent-Appellee. | No.  18-17124<br><br>D.C. No. 4:16-cv-05069-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted August 11, 2020[**]
San Francisco, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and BATAILLON,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

Alexis Amaya appeals the district court's denial of his federal habeas petition brought pursuant to 28 U.S.C. § 2254. Amaya was convicted in state court of two counts of sexual penetration of a child aged ten or younger. We have jurisdiction under 28 U.S.C. § 2253(c), and we affirm.

1. The first question presented by Amaya's appeal is whether the state court unreasonably held that the admission of evidence of Child Sexual Abuse Accommodation Syndrome (CSAAS) did not violate his federal due process rights. We conclude that it did not. A federal court "shall not" grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits in state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This standard of review "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

The Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ," and "[a]bsent such 'clearly established

Federal law,' we cannot conclude that the state court's ruling was an 'unreasonable application.'" *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)). And in *Brodit v. Cambra*, 350 F.3d 985, 991 (9th Cir. 2003), a case with similar facts, we affirmed the denial of a petition for habeas relief under § 2254 where the defendant argued that CSAAS testimony (also given by a witness who had no knowledge of the underlying facts) deprived the defendant of due process. *See also United States v. Bighead*, 128 F.3d 1329 (9th Cir. 1997) (per curiam); *United States v. Antone*, 981 F.2d 1059 (9th Cir. 1992) (upholding admissibility of CSAAS evidence for credibility purposes in non-habeas proceedings). For the purpose of determining whether introducing CSAAS evidence withstands habeas review under § 2254, that is enough. *Marshall v. Lonberger*, 459 U.S. 422, 438, n.6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules.").[1]

Here, the trial court instructed the jury with a model instruction to consider the testimony of Miriam Wolf, a licensed clinical social worker who testified about how children generally afflicted with CSAAS commonly do not report an assault

---

[1]     Accordingly, Amaya's argument that admission of CSAAS evidence is prejudicial under the standard imposed by *Brecht v. Abrahamson*, 507 U.S. 619 (1993) fails.

3

for a period of time. Wolf also testified she did not interview any witnesses or know any facts about the case. The prosecution urged the jury to consider Wolf's testimony when evaluating Doe's credibility. The trial court instructed the jury not to consider the testimony for the purpose of determining whether Amaya molested her. *See* CALCRIM No. 1193.

Amaya argues that it is reasonably likely the jury used CSAAS evidence as circumstantial, and perhaps direct proof of molestation. But we presume the jury followed the trial court's instruction. *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Further, despite hearing the CSAAS evidence, the jury was deadlocked after first receiving and deliberating on the case.

Amaya also argues that because this case had no contemporaneous witness testimony and no physical evidence and therefore boiled down to a he-said, she-said credibility determination, evidence of Doe's credibility would necessarily amount to evidence of Amaya's guilt. We are not persuaded.

First, this mirrors an argument the *Brodit* court considered and rejected. *Brodit*, 350 F.3d at 994 ("This case mainly rested, after all, on a swearing contest between the child and Petitioner. There was no eyewitness and there was only minimal physical evidence of abuse."). Second, credibility is not the same as accuracy. The jury could have accepted the evidence of CSAAS and still made a

4

finding that Doe was credible in her testimony that she was a victim of assault, but it could have simultaneously found that her descriptions of the victim or the manner in which the assault took place were inaccurate based on rebuttal testimony from Amaya. And third, Amaya himself introduced the testimony of four brothers, three sisters, one sister-in-law, two friends, and his wife to bolster his own credibility.

When asked to determine whether an evidentiary jury instruction runs so afoul of due process that federal habeas relief is warranted, "[t]he only question for us is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973) (internal quotation marks omitted)). Amaya has failed to make this showing.

2. We next consider Amaya's argument that the state trial court violated his Sixth or Fourteenth Amendment rights by permitting supplemental closing arguments after the jury pronounced itself deadlocked. Our analysis is guided by similar principles, and we conclude that Amaya has not demonstrated entitlement to federal habeas relief on this basis.

Amaya cites no Supreme Court authority, nor are we aware of any, that finds supplemental closing arguments violate a defendant's Sixth or Fourteenth

Amendment rights. And we are mindful that we cannot "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [The Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013). The trial court, in permitting supplemental closing arguments and allowing Amaya's counsel to proceed first, did not depart from California law, which allows both practices. *See* CAL. PENAL CODE § 1094 (permitting discretion to alter order); Cal. R. Ct. 2.1036(a) (permitting additional closing arguments); *People v. Young*, 67 Cal. Rptr. 3d 899, 903 (Ct. App.), *as modified on denial of reh'g* (2007) (holding that the trial court was authorized to reopen closing arguments).

Moreover, a review of the record reveals the trial court made no remarks that could be viewed as coercive, nor did the trial court issue any supplemental jury instructions at the conclusion of additional closing arguments. Additionally, the trial court stated that it was the jury's indication that additional argument would be helpful that prompted the supplemental closing arguments, and that if the jury had

6

indicated additional arguments would not be helpful, the trial court would not have permitted them.[2]

Applying our precedent, we find that the district court correctly denied Amaya's federal habeas petition.

**AFFIRMED.**

---

[2] Amaya's brief includes a claim regarding ineffective assistance of counsel. We decline to extend the certificate of appealability to include this claim because Amaya has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Counsel's performance does not fall below an objectively reasonable standard by failing to make an objection that would be futile. *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) (collecting cases).