Opinion by Judge GRABER; Dissent by Judge BERZON.
*935 GRABER, Circuit Judge:
Petitioner Goodwin Brodit was convicted in state court of continuous sexual abuse of a minor, in violation of California Penal Code § 288.5, for engaging in sexual activities with his 10 year old stepniece. In this federal habeas petition, brought pursuant to 28 U.S.C. § 2254, he challenges his conviction on the grounds that the state-court procedures denied him due process of law and that he received ineffective assistance from his state trial counsel. We affirm.
PROCEDURAL HISTORY
Petitioner was charged with violating section 288.5 by committing at least three lewd and lascivious acts with his stepniece while he was staying in the home of her mother and stepfather (Petitioner’s brother), between June 12, 1992, and December 31,1994. A jury convicted him. The state trial court sentenced Petitioner to serve a term in prison, pay restitution, undergo HIV testing, and register as a sex offender.
Petitioner pursued both a direct appeal and habeas relief through the state courts. He raised in state court all the claims that he brings before us. The California Court of Appeal consolidated the direct appeal with the state habeas petition and denied relief on all grounds, in an opinion that was published in part. People v. Brodit, 61 Cal.App.4th 1312, 72 Cal.Rptr.2d 154 (1998). On June 10, 1998, the California Supreme Court, in an unexplained order, denied Petitioner’s requests for review. Under AEDPA, we “look through” unexplained decisions to the last reasoned state-court decision. See Gill v. Ayers, 342 F.3d 911, 917 & n. 5 (9th Cir.2003) (internal quotation marks omitted). Because the last reasoned state-court decision was the California Court of Appeal’s consolidated review of Petitioner’s direct appeal and habeas petition, we examine that decision here.
Having exhausted his claims in state court, Petitioner filed this federal habeas petition. The district court held an evi-dentiary hearing on Petitioner’s claim of ineffective assistance of counsel. Thereafter, the district court rejected all of Petitioner’s claims but issued a Certificate of Appealability on Petitioner’s due process and ineffective assistance of counsel claims. This timely appeal ensued.
STANDARD OF REVIEW
A federal court “shall not” grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits in state court unless the state court’s decision was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States” or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d). This standard of review “demands that state-court decisions be given the benefit of the doubt.” Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam); see also Yarborough v. Gentry, — U.S.-, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003) (per curiam) (citing Wiggins v. Smith, — U.S. -, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), for the proposition that the question for a federal habeas court is whether the state court’s decision was “objectively unreasonable”); Early v. Packer, 537 U.S. 3, 11, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam) (stating that, when it is reasonable to conclude that a constitutional violation did not occur, “the state court’s determination to that effect must stand”).
*936 We review de novo a district court’s denial of a petition for a writ of habeas corpus. McNeil v. Middleton, 344 F.3d 988, 994 (9th Cir.2003).
DISCUSSION
California specifically criminalizes the repeated sexual abuse of a child by a person who resides in the same household:
Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense ... or three or more acts of lewd or lascivious conduct under Section 288, with a child under the age of 14 years at the time of the commission of the offense[,] is guilty of the offense of continuous sexual abuse of a child....
California Penal Code § 288.5(a). Section 288, in turn, deems a felony “any lewd or lascivious act ... upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child.”
There is no question in this case that Petitioner had recurring access to the child for more than three months, or that the child was younger than 14 at the time, or that the acts charged — including anal and vaginal intercourse — qualify as lewd or lascivious conduct. Rather, Petitioner questions the procedures that resulted in his conviction.
A. Due Process Claims
California has developed several special rules for use in trials involving charges of sexual abuse of a child. Petitioner argues that four of these procedures denied him due process by impairing his ability to present a defense.
1. California Penal Code § 288.5
Petitioner first contends that he was deprived of notice and a fair opportunity to respond to the state’s charges, because section 288.5 allowed the state to charge him with three or more acts of sexual abuse occurring on unspecified dates between June 12, 1992, and December 31, 1994. See U.S. Const, amend. VI (“the accused shall enjoy the right ... to be informed of the nature and cause of the accusation”). The California Court of Appeal rejected those claims on the basis of the California Supreme Court’s decision in People v. Jones, 51 Cal.3d 294, 270 Cal. Rptr. 611, 792 P.2d 643 (1990).
In Jones, the California Supreme Court considered a due process challenge to the application of California Penal Code § 288, a child molestation statute that criminalizes single instances of abuse. There, the charging document gave starting and ending dates for the period during which the alleged events took place but did not pinpoint a specific date for any one event. Noting the difficulties of proof posed when a child alleges ongoing abuse but cannot recall specific dates, the court held that a defendant could prepare a defense adequately even though allegations spanning a significant time period may preclude presentation of an alibi defense. The court reasoned that credibility is typically the major issue in child abuse cases, with most defendants denying not just specific incidents on specific dates, but denying that any abuse ever occurred at all. Id. at 319, 270 Cal.Rptr. 611, 792 P.2d 643. Defendants can take advantage of a variety of effective defenses even in the absence of specific dates; for example, they can testify and deny the allegations, advance positive character evidence, develop evidence *937 of a child’s motive to lie, and show alibis for some incidents that, if credible, could cast doubt on the child’s entire account. Id. at 320, 270 Cal.Rptr. 611, 792 P.2d 643. That being so, the court concluded, due process is not violated by the absence in the charging document of precise dates. Id. at 320-21, 270 Cal.Rptr. 611, 792 P.2d 643.
Even the dissenting justice in Jones expressed the view that the newly enacted section 288.5 would cure the due process problems that the dissenter saw in section 288. Id. at 328-30, 270 Cal.Rptr. 611, 792 P.2d 643 (Mosk, J., dissenting). Indeed, several appellate cases, in addition to Petitioner’s, have applied the reasoning in Jones to deflect due process challenges under section 288.5. See, e.g., People v. Gear, 19 Cal.App.4th 86, 23 Cal.Rptr.2d 261, 267-68 (Ct.App.1993); People v. Higgins, 9 Cal.App.4th 294, 11 Cal.Rptr.2d 694, 697-98 (Ct.App.1992).
Petitioner cites no clearly established United States Supreme Court precedent, and we are aware of none, that the California Court of Appeal contradicted or unreasonably applied in this portion of the analysis. Therefore, we affirm the district court’s rejection of this claim.
2. California Evidence Code §§ 1253 and 1360
California Evidence Code § 1253 provides that, in child abuse or neglect proceedings,
evidence of a [victim’s] statement is not made inadmissible by the hearsay rule if the statement was made for purposes of medical diagnosis or treatment and describes medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
California Evidence Code § 1360 creates an additional hearsay exception for “a statement made by the victim when under the age of 12 describing any act of child abuse or neglect performed with or on the child by another” if several conditions are met. The conditions include (as relevant here) requirements that the court find “that the time, content, and circumstances of the statement provide sufficient indicia of reliability” and that the child testify. Id. § 1360(a).
Petitioner’s stepniece, the 10-year-old victim, testified at Petitioner’s trial. Under the foregoing exceptions to the hearsay rule, additional testimony was admitted as well. A Child Protective Services investigator, a police detective, and the child’s grandmother, mother, and aunt each testified to what the child had told them about the abuse. The child’s therapist testified to what the child said about the abuse during their therapy sessions. Finally, a nurse-practitioner who had examined the child for physical evidence of abuse recounted what the child had told her about the abuse.
Petitioner argues that the application of these evidentiary statutes interfered with his ability to present a defense. The California Court of Appeal applied Whitman v. Superior Court, 54 Cal.3d 1063, 2 Cal. Rptr.2d 160, 820 P.2d 262, 273 (1991), which in turn distinguished Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), to hold that Petitioner’s right to due process was not offended by the prosecution’s use of hearsay testimony under either statute. Brodit, 72 Cal. Rptr.2d at 161-62. The Court of Appeal reasoned that the exceptions are equally available to the prosecution and the defense. Id. at 161.
In Wardius, the Supreme Court held that an Oregon rule requiring a criminal *938 defendant to disclose his alibi defense without authorizing reciprocal discovery against the state was fundamentally unfair. 412 U.S. at 476, 93 S.Ct. 2208. The Court made clear, however, that if the discovery rules had provided for reciprocal disclosures, they would not have offended the Constitution. Id. at 471 & n. 2.
Although sections 1253 and 1360 may prove helpful to prosecutors more often than to defendants, nothing in the text of either section bars a defendant from making use of a child’s hearsay statements. Accordingly, the California Court of Appeal did not apply Wardius unreasonably, and we affirm the district court’s denial of the writ on this claim.
3. California Jury Instruction 2.20.1
California Jury Instruction (“CALJIC”) 2.20.1 advises the jury in relevant part:
In evaluating the testimony of a child [ten years of age or younger] you should consider all of the factors surrounding the child’s testimony, including the age of the child and any evidence regarding the child’s level of cognitive development. A child, because of age and level of cognitive development, may perform differently than an adult as a witness, but that does not mean that a child is any more or less believable than an adult. You should not discount or distrust the testimony of a child solely because he or she is a child.
Petitioner argues that the giving of this instruction at his trial was unfair because the jury could have interpreted it to excuse inconsistencies or incompleteness in the child’s testimony.
In rejecting Petitioner’s due process challenge to CALJIC 2.20.1, the California Court of Appeal relied on three earlier child abuse cases that had upheld the same instruction against due process claims. In People v. Harlan, 222 Cal.App.3d 439, 271 Cal.Rptr. 653, 663 (Ct.App.1990), the court emphasized that “[t]he instruction simply requires jurors not to find child witnesses unreliable solely because of their age.” In People v. Gilbert, 5 Cal.App.4th 1372, 7 Cal.Rptr.2d 660, 673 (1992), the court added:
The instruction provides sound and rational guidance to the jury in assessing the credibility of a class of witnesses as to whom “ ‘traditional assumptions’ ” may previously have biased the fact-finding process. Obviously a criminal defendant is entitled to fairness, but just as obviously he or she cannot complain of an instruction the necessary effect of which is to increase the likelihood of a fair result.
See also People v. Jones, 10 Cal.App.4th 1566, 14 Cal.Rptr.2d 9, 12-13 (1992) (agreeing with Harlan and Gilbert).
In Cupp v. Naugkten, 414 U.S. 141, 142, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), the Supreme Court held that a state judge’s instruction to a jury at a criminal trial advising that “[e]very witness is presumed to speak the truth,” and explaining ways in which that presumption might be overcome, did not violate due process. (Internal quotation marks omitted.) Even if such an instruction were undesirable, erroneous, or universally condemned, a state conviction would not be overturned unless the instruction “violated some right which was guaranteed to the defendant by the Fourteenth Amendment.” Id. at 146, 94 S.Ct. 396.
In view of Cupp’s strict standard for evaluating state courts’ jury instructions and the California Court of Appeal’s reasoned explanation that CALJIC 2.20.1 merely prevents disregard of a child’s testimony, but does not amplify the testimony, Petitioner’s federal challenge must fail. *939 The state court’s decision did not contravene or unreasonably apply clearly established Supreme Court precedent. We therefore affirm the district court’s rejection of this claim.
4. Child Sexual Abuse Accommodation Syndrome (“CSAAS”)
As explained in the state-court record, CSAAS describes various emotional stages, experienced by sexually abused children, that may explain their sometimes piecemeal and contradictory manner of disclosing abuse. Under the CSAAS analysis, inconsistencies in a child’s accounts of abuse do not necessarily mean that the child is lying. The child could be telling different parts of what happened to different adults, based on the child’s comfort level with each adult or on the developmental immaturity of the child’s memory.
Petitioner argues that the prosecution’s presentation of CSAAS testimony made it impossible for him to defend himself because the expert “told jurors that no matter what a child says or does, it is consistent with the child[’s] having been molested” and thereby “effectively insulated the child from Petitioner’s challenges to her credibility.”
In the unpublished portion of its opinion in this case, the California Court of Appeal rejected that argument, citing People v. Patino, 26 Cal.App.4th 1737, 32 Cal. Rptr.2d 345 (1994). Patino held that the use of CSAAS evidence in a child abuse case does not necessarily offend a defendant’s due process rights. The court emphasized the importance of a cautionary instruction. Id. at 348-50. Such an instruction was given in this case.[1]
The Patino court relied on the Supreme Court’s decision in Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), which held that the admission of expert evidence on battered child syndrome did not violate a defendant’s due process rights. Patino, 32 Cal.Rptr.2d at 351. Battered child syndrome seeks to explain physical injuries, rather than behavior. Nonetheless, the Court admonished generally that, while the Due Process Clause secures fundamental fairness for criminal defendants in state trials, it should not foster federal courts’ undue interference with state criminal procedures. Estelle, 502 U.S. at 70, 112 S.Ct. 475.
More on point, we have held that CSAAS testimony is admissible in federal child-sexual-abuse trials, when the testimony concerns general characteristics of victims and is not used to opine that a specific child is telling the truth. United States v. Bighead, 128 F.3d 1329 (9th Cir.1997) (per curiam); United States v. Antone, 981 F.2d 1059 (9th Cir. 1992). Although those cases did not address due process claims, both rejected the contention that CSAAS testimony improperly bolsters the credibility of child witnesses and precludes effective challenges to the truthfulness of their testimony — the very arguments that Petitioner advances here. See Bighead, 128 F.3d at 1330-31; Antone, 981 F.2d at 1062.
Once again, Petitioner cites no clear Supreme Court law that the California Court of Appeal violated or unreasonably applied. Once again, we affirm the district court’s denial of the writ.
*940 5. Cumulative Due Process
We have recognized that “errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.” Alcala v. Woodford, 334 F.3d 862, 883 (9th Cir.2003) (internal quotation marks omitted). Here, however, the California Court of Appeal reasonably concluded that the premise — that there were errors — is absent. The state court reasonably could conclude, in the circumstances of this case, that Petitioner had the requisite “fair opportunity to defend against the State’s accusations.” Chambers v. Mississippi, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).
Because the California Court of Appeal neither made a decision that was contrary to, nor unreasonably applied, clearly established Supreme Court law in rejecting the components of Petitioner’s cumulative due process claim and the claim as a whole, we affirm the district court’s denial of the writ of habeas corpus with respect to the entire due process claim. We turn, then, to Petitioner’s other claim.
B. Claim of Ineffective Assistance of Counsel
Petitioner argues that trial counsel was ineffective because he failed to present a type of expert evidence that the California Supreme Court authorized in People v. Stoll, 49 Cal.3d 1136, 265 Cal.Rptr. 111, 783 P.2d 698 (1989). Stoll held that a California judge could not exclude an expert opinion offered by a psychologist, who had examined and tested a defendant accused of child molestation, demonstrating that the defendant’s personality did not fit the “profile” of a child molester. Id. at 707-14. The court reasoned that such testimony was admissible as character evidence tending to show that the defendant had not committed the crime. Id. at 707-08.
The California Court of Appeal evaluated Petitioner’s claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which is the appropriate Supreme Court precedent to apply. Brodit, 72 Cal.Rptr.2d at 166. Under Strickland, to succeed in establishing a claim of constitutionally ineffective assistance, the petitioner must demonstrate (1) that counsel’s performance was deficient and, if so, (2) that the deficiency prejudiced the petitioner. Strickland, 466 U.S. at 687, 694, 104 S.Ct. 2052. If the state court’s rejection of either element of Petitioner’s claim was reasonable, habeas relief is not available, because the Supreme Court requires that both elements be present to prevail.
1. Counsel’s Performance
Courts must “indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Id. at 689, 104 S.Ct. 2052 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). The California Court of Appeal first acknowledged that, after trial, a psychologist interviewed and tested Petitioner and concluded that he “does not exhibit the usual characteristics of a resident child molester.” Brodit, 72 Cal.Rptr.2d at 166. Citing Stoll, the court also noted that this kind of testimony may be introduced as character evidence in a criminal trial for deviant behavior against children. Id. In other words, the court recognized that favorable evidence could have been developed and presented at trial.
*941 The California Court of Appeal held, however, that “defense counsel may have had sound tactical reasons for not going down that path in this case. For example, defense counsel could have feared that opening this door on[Petitioner’s] personality would have permitted the prosecution to introduce damaging rebuttal character evidence.” Id. (citing Cal. Evid.Code § 1102(b) and Stoll, 265 Cal.Rptr. 111, 783 P.2d at 712). In the federal habeas proceeding, Petitioner’s trial counsel testified to his reasons for “not going down that path,” and his reasons were just as the California Court of Appeal expected they would be.
Where trial counsel’s actual reasons were the same kinds of reasons the state court ascribed to him after reviewing the record of the trial, we need not decide how we would review a case in which counsel’s later-stated reasons conflict with, or cast doubt on the accuracy of, those imputed by the state court. See 28 U.S.C. § 2254(d)(2) (providing for the grant of a writ of habeas corpus to a state prisoner if the state court’s decision “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding”). Nor, because of this congruence, do we need to decide whether the deference that we owe to state courts’ determinations of fact applies to findings based on a review of the record alone. Compare Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir.2001) (holding that AED-PA deference applies to state-court findings of fact based on a review of the record), cert. denied, 537 U.S. 883, 123 S.Ct. 106, 154 L.Ed.2d 141 (2002), with Bryan v. Mullin, 335 F.3d 1207, 1215-16 (10th Cir.2003) (en banc) (holding that pre-AEDPA standards apply to ineffective-assistance-of-counsel claims ’ unless the state court holds an evidentiary hearing).[2] Finally, because the district court credited counsel’s testimony, we need not decide how we would resolve a case in which counsel’s stated reasons were not believed.
Counsel’s strategy was to present Petitioner as “a normal, regular guy” and to show that the child, who was “caught in the middle” of a breakup between her mother and stepfather, had a motive to fabricate a story of sexual abuse, perhaps to “draw attention to herself’ or to “strike back at her mother.” Counsel “shied away from” general character evidence, such as Stoll evidence, because he did not want to risk having the state introduce testimony concerning Petitioner’s affair with his brother’s wife (the child’s mother), which occurred while Petitioner was living in the family home, and which the child had witnessed on one occasion. Counsel reasonably determinated that this evidence might have suggested to the jury that Petitioner “is not a good person.” There also was evidence that the child resembled her mother and that the mother had broken off the affair, facts that would have *942 enabled the state to argue that Petitioner may have abused the child as revenge against her mother or even as a means of imagining the continuation of the affair. Additionally, counsel was concerned about evidence of Petitioner’s membership in FERET, an organization devoted to finding missing children. Counsel thought that this membership “could be misinterpreted .... We didn’t want anybody to think that [Petitioner] had an inordinate interest in small children.”[3]
We conclude that the California Court of Appeal’s decision was not based on an unreasonable determination of the facts in the light of the evidence presented in the state-court proceedings and that the decision did not apply Strickland unreasonably. See Yarborough, 124 S.Ct. at 7 (holding that the California Court of Appeal’s decision rejecting a Strickland claim at the “performance” step of the analysis was not objectively unreasonable and requiring “deference to the state courts that have primary responsibility for supervising defense counsel in state criminal trials”). Therefore, the district court did not err in rejecting Petitioner’s claim of ineffective assistance of counsel.
2. Prejudice
The California Court of Appeal decided, in the alternative, that “even if [the favorable Stoll ] evidence had been admitted, ... there is no reasonable probability the result of the proceeding would have been different.” Brodit, 72 Cal.Rptr.2d at 167.[4] The court reasoned that the subjective opinion of one defense-paid psychologist, based on one 90-minute interview and a few standardized tests, would not have convinced any reasonable juror of the contours of Petitioner’s personality, predisposition, or criminal guilt. Id.
Reasonable minds can differ with the state court’s conclusion. This case mainly rested, after all, on a swearing contest between the child and Petitioner. There was no eyewitness and there was only minimal physical evidence of abuse.[5] But the very fact that the question is close dictates the outcome under our deferential standard of review. The California Court of Appeal did not apply Strickland unreasonably. Consequently, we must affirm the district court’s rejection of Petitioner’s claim of ineffective assistance of counsel.
AFFIRMED.

. The state trial judge instructed, among other things, that the "testimony relating to the child sexual abuse accommodation syndrome" "is not received and must not be construed by you as proof that the alleged victim's molestation claim is true.” The instruction went on to caution that CSAAS "research begins with the assumption that a molestation has occurred,” while "you are to presume the defendant innocent. The People have the burden of proving guilt beyond a reasonable doubt.”

. Neither of the exceptions to deference that we have recognized previously applies to this case.
In Weaver v. Thompson, 197 F.3d 359 (9th Cir. 1999), we held that no deference was owed to a trial judge’s informal letter. Here, by contrast, the state court’s determination that counsel may have followed a reasonable strategy was contained in a formal decision.
In Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir.2002), cert. denied, 537 U.S. 1179, 123 S.Ct. 992, 154 L.Ed.2d 927 (2003), we held that no deference was owed in a situation in "which no adjudication on the merits in state court was possible.” Here, adjudication on the merits in state court was possible and did in fact occur. Strickland does not require a separate hearing in every case. See, e.g., United States v. Hanoum, 33 F.3d 1128, 1131 (9th Cir. 1994) (noting that a claim of ineffective assistance of counsel may be addressed on direct appeal in appropriate circumstances).

. The fact that the state did not choose to present such evidence at the trial as it unfolded does not mean that it would have made the same choice had Petitioner proffered Stott evidence. Under California Evidence Code § 721(a), for example, the Stoll expert could have been cross-examined to reveal that Petitioner did not disclose either the affair with the child's mother or the FERET membership.

. The Supreme Court has defined prejudice in the context of a claim of ineffective assistance of counsel as “a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

. The child's hymen was intact. A physician testified that small bumps found in the child’s vaginal area could be vaginal warts, indicative of sexual abuse, but also they could be normal lymphoid follicles that are not indicative of sexual abuse.