**David GAVALDON, Petitioner— Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden, Respondent—Appellee.**

**No. 02–17061.**
**DC No. CV 96–1164 DFL.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided Feb. 26, 2004.

David Gavaldon, Pelican Bay State Prison, Crescent City, CA, Donald S. Frick, Attorney at Law, Sacramento, CA, for Petitioner–Appellant.

David Andrew Eldridge, Attorney General, Sacramento, CA, for Respondent–Appellee.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

### MEMORANDUM *

David Gavaldon appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Gavaldon raises several constitutional challenges arising from his shackling during trial and his counsel's failure to object to the use of shackles at trial. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The district court's denial of a petition for a writ of habeas corpus is reviewed de novo. *Brodit v. Cambra*, 350 F.3d 985, 988 (9th Cir.2003). We review Gavaldon's petition under the provisions of the Antiterror-

ism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed on June 20, 1996, after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 327–36, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a federal court may grant a petition for a writ of habeas corpus with respect to a claim adjudicated on the merits in state court, only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

First, Gavaldon challenges his shackling in the context of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] Under *Strickland*, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003). Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

■ The parties do not dispute that defense counsel's performance fell below an objective standard of reasonableness when he failed to object to Gavaldon's shackling.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Although Gavaldon lists the failure to object to his prison attire and the use of extra security personnel as grounds for his ineffective assistance of counsel claim, his certificate of appealability does not include these issues and Gavaldon has not sought to broaden the certification. 9th Cir. R. 22–1(d). Accordingly, we decline to reach the uncertified issues. *Id.; Griffin v. Johnson*, 350 F.3d 956, 959–60 (9th Cir.2003) (limiting review of ineffective assistance of counsel claim to issues within scope of certificate of appealability).

**630**

However, in the absence of directly-controlling Supreme Court precedent, we cannot say that the state court's finding of no prejudice was an unreasonable application of Supreme Court case law. Nor has Gavaldon argued that either the state court or the district court unreasonably determined the facts of his case in light of the evidence presented in the state proceeding. Therefore, Gavaldon has not established a violation of *Strickland* under the AEDPA's stringent standard of review.

Second, Gavaldon raises several direct challenges to his shackling during trial. However, Gavaldon's undisputed failure to object to the use of physical restraints or the wearing of prison garb during trial constitutes a waiver of the issues for purpose of habeas relief. *See King v. Rowland,* 977 F.2d 1354, 1357 (9th Cir.1992) (shackles); *United States v. Rogers,* 769 F.2d 1418, 1421–22 (9th Cir. 1985) (prison garb).

Finally, Gavaldon's claim that the trial judge denied his constitutional right to a fair trial by failing to give a *sua sponte* instruction regarding the use of physical restraints is not supported by federal law. *See Wilson v. McCarthy,* 770 F.2d 1482, 1485 & n. 3 (9th Cir.1985) (holding that a *sua sponte* instruction regarding the shackling of a criminal defendant is not required as a matter of federal constitutional law).

The judgment of the district court dismissing Gavaldon's petition for a writ of habeas corpus, is accordingly

**AFFIRMED.**