Rudolfo **GARCIA**, Plaintiff—Appellant,

v.

Dora B. **SCHRIRO**;  Arizona Department of Corrections, Defendants—Appellees.

No. 05–16508.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.*

Decided April 12, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John W. Rood, III, Esq., Phoenix, AZ, for Plaintiff–Appellant.

John Pressley Todd, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: NOONAN, SILER,\*\* and BYBEE, Circuit Judges.

### MEMORANDUM \*\*\*

Petitioner Rudolfo Garcia seeks habeas relief from his conviction of four counts of child molestation and sentence of 20 years' imprisonment. The facts and procedural history are known the parties, and we do not recount them here.

■ First, we reject Garcia's claim that the trial court's admission of prior video-taped testimony by Garcia's two step-daughters violated his Sixth Amendment Confrontation Clause rights, because it was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). In *Crawford v.*

*Washington,* 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court concluded that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Here, both declarants testified at trial and were subject to cross-examination by counsel.

■ Second, we reject Garcia's claim that trial counsel's failure to present character testimony was contrary to, or an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and its progeny. The state trial court concluded that counsel's decision was a strategic choice, which is entitled to a "strong presumption" of reasonable professional assistance. *Id.* at 689, 104 S.Ct. 2052. Counsel faced an inherent risk of unfavorable character evidence being offered in rebuttal against the presentment of a favorable character witness. *See Brodit v. Cambra,* 350 F.3d 985, 992–93 (9th Cir.2003) (concluding that state court determination that failure to present expert testimony on defendant's personality was a strategic decision to avoid damaging character rebuttal evidence was not objectively unreasonable). Accordingly, Garcia has failed to demonstrate that counsel's conduct was objectively unreasonable. The district court's denial of Garcia's petition is affirmed.

**AFFIRMED.**

\*\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.