John Francis HILDEBRAND, Petitioner—Appellant,

v.

Verne SPEIRS, Chief Probation Officer, Sacramento County; et al., Respondents—Appellees.

No. 05–16886.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 26, 2006.

Filed Aug. 4, 2006.

Eric S. Multhaup, Esq., Mill Valley, CA, for Petitioner–Appellant.

Mark Anthony Johnson, Esq., Mary J. Graves, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN,* Senior District Judge.

MEMORANDUM **

1. The district court did not err in denying the ineffective assistance of counsel claims in John Hildebrand's habeas petition. Even if counsel had successfully introduced all the potential impeachment evidence, Hildebrand cannot demonstrate a "reasonable probability that . . . the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The tape recording, combined with the testimony of three separate women all identifying an almost identical pattern of sexual misconduct, eliminate any possibility of prejudice. Thus, we need not even consider whether his counsel reasonably decided not to investigate these matters more thoroughly than he did. *See Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir.2002). For the same reasons, Hildebrand is not entitled to an evidentiary hearing, as such an entitlement arises only if his "allegations, if proved, would entitle him to relief." *Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir.1992) (citation omitted).

2. In *Estelle v. McGuire*, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) the United States Supreme Court explicitly "express[ed] no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." Thus, the district court correctly determined that the California Superior Court's denial of Hildebrand's habeas petition challenging California Evidence Code § 1108[1] was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court authority. *See Brodit v. Cambra*, 350 F.3d 985, 987 (9th Cir.2003) (citing 28 U.S.C. § 2254(d)).

In *Gibson v. Ortiz*, 387 F.3d 812, 822 (9th Cir.2004) we found that the related jury instruction at issue in this case unconstitutionally lowered the prosecution's burden of proof. *Id.* However, California has amended CALJIC 2.50.01. These revised instructions, and the conforming instruc-

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Although Hildebrand raised arguments pertaining to § 1108 on direct appeal, he did not make a federal due process challenge. Accordingly, Hildebrand failed to exhaust his claims challenging § 1108 and the related jury instructions as violations of the United States Constitution. As a result, the district court should have dismissed Hildebrand's habeas petition. *See Rose v. Lundy*, 455 U.S. 509–10, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A). Nonetheless, we "may deny an unexhausted petition on the merits . . . when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir.2005). As Hildebrand fails to raise colorable claims as to either of these issues, we decide them on the merits.

tions given in Hildebrand's trial, correct the deficiencies outlined in *Gibson*.

**AFFIRMED.**