

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DAVID LOUIS COSTELLA,

          Petitioner - Appellant,

  v.

KENNETH CLARK, Warden;
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

          Respondents - Appellees.

No. 11-15896

D.C. No. 4:08-cv-01010-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before: TROTT and RAWLINSON, Circuit Judges, and BLOCK, Senior District
Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Frederic Block, Senior U.S. District Judge for the
Eastern District of New York, sitting by designation.

Petitioner David Louis Costella (Costella), who was convicted by a jury of child sexual abuse, challenges the district court's denial of his federal habeas petition premised on ineffective assistance of counsel.[1]

The California state court's determination that Costella's trial counsel did not render ineffective assistance of counsel by failing to contact Costella's ex-girlfriends or otherwise investigate the victim's credibility was not unreasonable. Costella failed to demonstrate that clearly established precedent from the United States Supreme Court required Costella's trial counsel, in a non-capital case, to contact witnesses against Costella's wishes. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. . . ."). The state court also reasonably held that Costella's trial counsel made strategic decisions to not attack the victim's credibility or seek additional expert testimony. *See Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) ("In determining deficiency, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is,

---

[1]   We reject Appellees' contention that Costella's federal habeas petition was untimely.

2

the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . .") (citation and internal quotation marks omitted).

In any event, the state court did not unreasonably apply *Strickland* in ruling that Costella was not prejudiced by his attorney's conduct. *See Brodit v. Cambra*, 350 F.3d 985, 994 (9th Cir. 2003) ("Reasonable minds can differ with the state court's conclusion. This case mainly rested, after all, on a swearing contest between the child and Petitioner. . . . But the very fact that the question is close dictates the outcome under our deferential standard of review. The [state court] did not apply *Strickland* unreasonably. . . .") (footnote reference omitted).[2]

Costella's request for a certificate of appealablity on his Ex Post Facto claim is denied because he has failed to make "a substantial showing of the denial of a constitutional right. . . ." *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012), *as*

---

[2] The district court properly denied Costella's discovery request as speculative, and his motion to expand the record as an impermissible challenge to the state court's evidentiary ruling. *See Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation. . . .") (citation omitted); *see also Rhoades v. Henry*, 638 F.3d 1027, 1034 n.5 (9th Cir. 2011), *as amended* ("[E]videntiary rulings based on state law cannot form an independent basis for habeas relief.") (citation omitted).

*amended*; *see also Renderos v. Ryan*, 469 F.3d 788, 794-95 (9th Cir. 2006) (holding that Cal. Penal Code § 803 does not violate the Ex Post Facto Clause).

**AFFIRMED.**