**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT B. STANFORD III,

Petitioner-Appellant,

v.

CHARLES L. RYAN and ATTORNEY
GENERAL OF THE STATE OF
ARIZONA,

Respondents-Appellees.

No.    15-16652

D.C. No. 2:14-cv-00175-JAT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted March 15, 2017
San Francisco, California

Before:  WARDLAW, GOULD, and CALLAHAN, Circuit Judges.

In 2008, an Arizona jury convicted petitioner Robert Stanford of second-degree murder.  At trial, Stanford admitted to shooting the victim but claimed he acted in self-defense.  The state trial court sentenced Stanford to 18 years in state

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

prison. Following unsuccessful direct and post-conviction appeals, Stanford petitioned for a writ of habeas corpus in the United States District Court for the District of Arizona under 28 U.S.C. § 2254, claiming ineffective assistance of his trial counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984). The district court denied Stanford's petition, and Stanford appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the denial of a petition for a writ of habeas corpus de novo. *Brodit v. Cambra*, 350 F.3d 985, 988 (9th Cir. 2003). Our review of a habeas petition pertaining to a state court criminal conviction is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. Under AEDPA, we review the last reasoned state court decision, and we may grant a habeas petition only if the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014) (quoting 28 U.S.C. § 2254(d)).

To demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and (2) counsel's deficient performance

prejudiced the petitioner. *Strickland*, 466 U.S. at 687. Judicial review of claims of ineffective assistance of counsel under AEDPA is "doubly deferential." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam). When reviewing a *Strickland* claim under AEDPA, the question is "whether there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard, such that the state court's rejection of the [ineffective assistance of counsel] claim was not an unreasonable application of *Strickland*." *Murray v. Schriro*, 746 F.3d 418, 465–66 (9th Cir. 2014) (internal quotation marks omitted).

Stanford's *Strickland* claim rests upon his trial counsel's failure to call to testify or formally interview the alleged sole eyewitness to the shooting, Sheikh Ajamu. According to Ajamu's post-trial affidavit—written nearly four years after the shooting—Ajamu's testimony would have corroborated Stanford's version of events and supported his claim that he acted in self-defense. Email exchanges between Stanford's trial counsel and his habeas counsel indicate that trial counsel spoke with Ajamu on three occasions, but concluded that Ajamu's testimony would be more harmful than helpful.

To prove deficient performance, the complaining defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "An attorney need not pursue an investigation that

3

would be fruitless, much less one that might be harmful to the defense."
*Harrington v. Richter*, 562 U.S. 86, 108 (2011).

Here, the Arizona Court of Appeals reasonably concluded that Stanford's trial counsel made a tactical decision not to further investigate Ajamu's claims, because Ajamu's testimony might have further highlighted the inconsistencies in Stanford's ever-changing version of events. Stanford's account of what occurred differed in many respects from his initial interview with police to his trial testimony. Further, Stanford's trial counsel stated that when Ajamu initially contacted him his account differed from Stanford's story at the time, and the information Ajamu offered did not exculpate Stanford. *See Strickland*, 466 U.S. at 689 (an attorney's decision must be "evaluate[d] . . . from counsel's perspective at the time" of the decision, "eliminat[ing] the distorting effects of hindsight"). Therefore, Stanford has failed to show that the Arizona Court of Appeals was unreasonable in concluding that his trial counsel's performance was not deficient under *Strickland*.

Even if Stanford could show deficient performance, his *Strickland* claim would still fail under the prejudice prong. Stanford must show that but for counsel's performance, it is "reasonably likely the result would have been different." *Richter*, 562 U.S. at 111 (internal quotation marks omitted).

4

If Ajamu had testified, his testimony likely would not have overcome the government's physical evidence inculpating Stanford. "[I]neffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case." *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986). The government's evidence refuted much of Stanford's testimony, which Ajamu's testimony would likely have purportedly supported. Particularly, Ajamu would have testified that: (1) the victim jumped onto the car; (2) the victim attacked Stanford through the window; (3) Stanford and the victim began tugging at the gun; and (4) the gun discharged multiple times during the struggle. At trial, the government showed that: (1) no damage was found on the vehicle, suggesting no one had jumped on it; (2) no evidence was found on the car or on the victim's body to indicate the victim was in close proximity when he was shot; and (3) had the victim been holding the gun as described when it was fired, the gun would not have been able to fire again, because the shell would not have dispensed and the chamber would not have reloaded.

Thus, even had Ajamu testified as he claimed he would, his testimony would have been refuted by the government's physical evidence. Because it is not "reasonably likely the result would have been different" had Ajamu testified, the Arizona Court of Appeals was not unreasonable in concluding that Stanford failed

5

to show ineffective assistance of counsel under *Strickland*.  *Richter*, 562 U.S. at 111 (internal quotation marks omitted).

The district court's denial of Stanford's habeas petition is **AFFIRMED**.