NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>   v.<br><br>LEVIAN DELA CAR PACHECO<br>PACHECO, AKA Levian D. Pacheco,<br><br>              Defendant - Appellant. | No.    19-10014<br><br>D.C. No. 2:17-cr-1152-PHX-SPL<br><br>MEMORANDUM[*] |

On Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Argued and Submitted August 12, 2020
San Francisco, California

Before:  GRABER and BRESS, Circuit Judges; and DAWSON,[**] District Judge.

Levian Pacheco Pacheco appeals his sentence and conviction for seven

counts of abusive sexual contact with a ward, two counts of sexual abuse of a

ward, and one count of attempted sexual abuse of a ward.  According to trial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

testimony, Pacheco sexually abused numerous minors at the Casa Kokopelli Southwest Key Facility in Mesa, Arizona. In a published opinion issued concurrently with this memorandum disposition, we hold that the evidence sufficed to prove that the minors in this case were in official detention for purposes of 18 U.S.C. § 2246(5)(A). We now reject the remainder of Pacheco's arguments.

1. Pacheco contends that his conviction for attempted sexual abuse should be reversed for lack of evidence showing a substantial step toward anal penetration. To constitute a substantial step, "[t]here must be some appreciable fragment of the crime in progress." *United States v. Runco*, 873 F.2d 1230, 1232 (9th Cir. 1989) (internal quotation marks omitted). The minor testified that Pacheco entered the minor's room during the morning hours. Pacheco followed the minor to the bathroom, where he took off the minor's shorts and his own shorts. Pacheco then grabbed the minor's genitalia and placed the minor's phallus on Pacheco's buttocks. Pacheco propositioned anal sex, but the minor refused. Relying on this testimony, any rational juror could have concluded that Pacheco took a substantial step toward anal penetration. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) ("after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow 'any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979)) (emphasis omitted)).

2. Pacheco further contends that the district court abused its discretion in permitting expert testimony from Wendy Dutton, a forensic interviewer specializing in child abuse. Specifically, Pacheco argues that the district court failed to satisfy its gatekeeping responsibility under Rule 702. *See United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (holding that the district court must ensure that expert testimony is both relevant and reliable, before admitting it), *cert. denied*, 140 S. Ct. 1135 (2020). Pacheco also argues that Dutton's testimony improperly bolstered the minors' credibility under Rule 403.

a. Dutton's testimony was relevant because she discussed why children similar to the minors in this case might delay in disclosing sexual abuse. Although jurors might have a common understanding that victims of abuse are reluctant to report and disclose, they may not understand the reasons for delayed reporting or partial disclosure. Therefore, Dutton's testimony was relevant. Fed. R. Evid. 401.

b. Furthermore, the district court ensured the testimony's reliability. Before trial, the parties briefed the issue of reliability, after which the court held that Dutton's testimony was admissible under Rule 702. When Dutton testified, the court satisfied its gatekeeping role by asking the government to lay additional foundation as to Dutton's experience and knowledge in the relevant cultural and age groups. The government did so. Accordingly, the district court ensured that

Dutton's testimony rested on a reliable foundation.

c. Moreover, Dutton's testimony was not unfairly prejudicial under Rule 403. The risk of prejudice was minimized because Dutton's testimony was limited to the general behavioral characteristics of sexually abused children. She did not suggest whether the jury should believe these minors specifically. *See Brodit v. Cambra*, 350 F.3d 985, 991 (9th Cir. 2003) (stating that expert testimony is admissible when it "concerns [the] general characteristics of victims and is not used to opine that a specific child is telling the truth").

d. Even if the court improperly admitted Dutton's testimony, any error was harmless. During the trial, the government elicited testimony from the seven minor victims. They testified to the details of each crime. Taken together, there was more than enough evidence for a jury to reach a guilty verdict.

3. Pacheco also argues that his sentence was unreasonable. The district court imposed a six-level upward departure based on aggravating circumstances, which amounted to nineteen years' imprisonment. Pacheco's sentence is "subject to a unitary review for reasonableness." *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006); *see also United States v. Vasquez–Cruz,* 692 F.3d 1001, 1008 (9th Cir. 2012) (reaffirming that departures are reviewed as part of the substantive reasonableness analysis and not for procedural error).

a. Pacheco argues that the district court improperly considered the risk of

4

HIV infection at sentencing. Pacheco had HIV when he committed the conduct at issue. The court repeatedly described Pacheco's conduct as exposing the minors to a "potential death sentence." Pacheco contends that the court's remark lacked any support in the record and was medically unsound. Notwithstanding the district court's "death sentence" remark, the court appropriately explained that it imposed the upward departure because of several factors: the potential risk of HIV infection, the fact that the minors came to the United States to seek safety, and the fact that Pacheco held a position of trust as a supervisor at Casa Kokopelli. These determinations are supported by the record, and they are precisely the sort of conduct contemplated by U.S. Sentencing Guidelines Manual § 5K2.0(a)(1) (permitting departure based on aggravating circumstances in cases involving child crimes and sexual offenses).

b. Pacheco also argues that his sentence was unreasonable because it amounted to a "300% trial penalty"—as measured from a six-year plea offer that he rejected before trial. Pacheco suggests that the disparity between the pretrial offer and the sentence demonstrates that the district court punished him for exercising his right to trial. A careful examination of the sentencing transcript reveals that the court made no comment about Pacheco's decision to go to trial. Accordingly, there is no basis to conclude that the district court penalized Pacheco for exercising his trial rights.

**AFFIRMED.**