NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTOR ASUNCION SANTOS-EK,

Petitioner-Appellant,

v.

MARK NOOTH,

Respondent-Appellee.

No.    22-35578

D.C. No. 2:18-cv-01565-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted October 18, 2023[**]
Portland, Oregon

Before:  KOH and SUNG, Circuit Judges, and EZRA,[***] District Judge.

Victor Santos-Ek appeals the district court's denial of his petition for a writ

of habeas corpus brought under 28 U.S.C. § 2254. In dismissing Santos-Ek's

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

petition, the district court certified two issues for appeal. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

We review the district court's decision *de novo*. *Doody v. Ryan*, 649 F.3d 986, 1001 (9th Cir. 2011) (en banc). This appeal is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). When reviewing a state court's legal conclusions under AEDPA, a federal court shall not grant a writ of habeas corpus as to "any claim that was adjudicated on the merits in State court proceedings," unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This review is "highly deferential" to the state court decision, *Davis v. Ayala*, 576 U.S. 257, 269 (2015), and it requires the state court's determination to have been "objectively unreasonable," not just incorrect or erroneous in the eyes of the reviewing federal court, *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

1.  Santos-Ek first argues that he was denied effective assistance of counsel. This assertion stems from testimony that Santos-Ek's counsel elicited at trial. The testimony undermined an alibi, raised during the defense's opening statement, for one of multiple acts of sexual abuse Santos-Ek allegedly committed against his minor daughter, JS. To prevail on an ineffective assistance of counsel claim, a petitioner must show that their counsel's performance was both deficient (meaning

2

it "fell below an objective standard of reasonableness") and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Here, the state postconviction relief ("PCR") court held that Santos-Ek's trial counsel had acted unreasonably, but that Santos-Ek had not shown prejudice because he had "not proven that the error had a tendency to affect the outcome of the trial."[1]

We cannot say that this conclusion was objectively unreasonable. First, as Santos-Ek conceded to the state PCR court, "[g]oing into trial, the evidence against [him] was already substantial." The prosecution relied on extensive (oftentimes graphic and detailed) testimony from JS, as well as testimony by JS's mother. In addition, the prosecution also had the benefit of Santos-Ek's own "lengthy and detailed confession," which corroborated JS's testimony in many respects.

Second, as the state PCR court recognized, the discredited alibi involved only one of the multiple incidents alleged, and Santos-Ek offered no alibis for these other incidents. Santos-Ek speculates that his strategy "would likely have been different" without the trial counsel's error. However, he does not suggest that

---

[1] To the extent the state PCR court analyzed Santos-Ek's ineffective assistance of counsel claim under Oregon's "tendency" standard, *see Green v. Franke*, 350 P.3d 188, 194 (Or. 2015) (en banc), rather than the federal "reasonable probability" standard provided by *Strickland*, 466 U.S. at 694, its decision was nonetheless an adjudication on the merits. As both parties recognize, the Oregon standard "is at least as protective" as the federal standard. *Johnson v. Williams*, 568 U.S. 289, 301 (2013).

any other alibi was available for the incident in question, nor that his trial counsel made the decision to use the discredited alibi in favor of a different one that may have succeeded.

Third, Santos-Ek's argument that his attorney "broke[] the jury's trust" also fails. Santos-Ek relies on *Saesee v. McDonald*, 725 F.3d 1045 (9th Cir. 2015), where we observed that the failure to present promised testimony may "break[] . . . the jury's trust in the client" and result in prejudice to the defendant "in some cases." *Id.* at 1049–50. However, *Saesee* does not hold that *any* broken promise is necessarily prejudicial.

In sum, we do not find Santos-Ek's theories persuasive in light of the strong evidence supporting his conviction. The jury was entitled to reject Santos-Ek's defense theory, which consisted primarily of impeaching JS's credibility and suggesting she had made false accusations. Under the deferential standard of review required here,[2] Santos-Ek fails to meet his burden to show prejudice. *See*

---

[2] The Ninth Circuit has not established a consistent position on whether habeas reviews of the "prejudice" prong of an ineffective assistance of counsel claim are subject to so-called "double deference." *Compare Walker v. Martel*, 709 F.3d 925, 941 (9th Cir. 2013) ("[W]hen *Strickland* and AEDPA operate 'in tandem,' as here, the review must be 'doubly' deferential[.]"), *with Hardy v. Chappell*, 849 F.3d 803, 825 & n.10 (9th Cir. 2016) (holding double deference does not apply to the prejudice prong of a *Strickland* claim because it presents "a more specific legal rule" than the deficiency prong). We need not resolve this discrepancy, because Santos-Ek's claim fails under either standard.

*Brodit v. Cambra*, 350 F.3d 985, 994 (9th Cir. 2003).

2. Next, Santos-Ek asserts that the trial court erred by allowing the prosecution to introduce evidence of his confession. He appears to argue that the trial court both made an unreasonable factual determination and unreasonably applied federal law. Neither argument is convincing.

First, the trial court concluded that Santos-Ek, in making his confession to the police, had not relied on the promise that he would not be arrested that day. Affording deference to the trial court, we do not find this determination unreasonable.[3]

Second, the trial court examined the totality of the circumstances surrounding Santos-Ek's confession and reasonably determined that he had not been coerced, but rather confessed voluntarily. Among other things, the trial court noted that Santos-Ek voluntarily came to the police department with his pastor, who Santos-Ek had asked to accompany him because Santos-Ek had "prayed to god [sic] for forgiveness" for his actions. Santos-Ek had spoken with the interviewing officers for only about twenty-five minutes before he began to

---

[3] The Ninth Circuit has similarly not established a firm position on whether, under AEDPA, state court factfinding is reviewed for reasonableness under 28 U.S.C. § 2254(d)(2), or whether it is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Stevens v. Davis*, 25 F.4th 1141, 1153 n.6 (9th Cir. 2022). Even applying the less deferential standard under § 2254(d)(2), Santos-Ek's argument fails.

confess, and as he started his confession, he stated, "I don't want to keep lying, it doesn't go with me[,] I don't like it[.]" Significantly, Santos-Ek was read his *Miranda* rights, both in English and Spanish, before offering his confession, and he stated he understood those rights. He at no point requested an attorney or invoked his right to remain silent. This implied waiver strongly suggests Santos-Ek's confession was voluntary. *See DeWeaver v. Runnels*, 556 F.3d 995, 1003 (9th Cir. 2009) ("[I]f interrogators obtained a confession after *Miranda* warnings and a valid waiver, the confession was likely voluntary."); *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).

Moreover, as the trial court observed, Santos-Ek was given food and water throughout the interview; he did not appear to be "suffering from a mental or physical impairment or that drugs or alcohol was an influencing factor in any way"; and he appeared cooperative "in tone, demeanor, presentation and affect." Finally, although the trial court did not explicitly state that it had considered the fact that Santos-Ek was "uneducated and had no prior experience with the American justice system," a fair-minded jurist could conclude that these additional factors did not outweigh the many other factors suggesting the confession was given voluntarily. *See Cook v. Kernan*, 948 F.3d 952, 966 (9th Cir. 2020). Again, under the deferential standard required by AEDPA, we cannot say the trial court's conclusion was objectively unreasonable.

**AFFIRMED.**