**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON CHANDRA,<br><br>     Petitioner-Appellant,<br><br> v.<br><br>STEPHEN SMITH; PEOPLE OF THE STATE OF CALIFORNIA,<br><br>     Respondents-Appellees. | No. 22-16739<br><br>D.C. No. 3:16-cv-06076-JD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted December 8, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Aaron Chandra appeals the denial of his habeas petition under 28

U.S.C. § 2254, challenging his state court conviction for second-degree murder,

possession of marijuana for sale, and firearm enhancements. We review the

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's denial of Chandra's habeas petition de novo and its findings of facts for clear error. *Martinez v. Cate*, 903 F.3d 982, 991 (9th Cir. 2018). For the reasons discussed below, we affirm.

1.      The California Court of Appeal reasonably applied the *Strickland* test to Petitioner's ineffective assistance of counsel claims. *See* 466 U.S. 668, 687–94 (1984). Any alleged deficiency in Petitioner's counsel's performance at trial was not prejudicial. Although Petitioner's defense counsel could have presented additional evidence or called witnesses related to the victim's 2003 conviction to further support Petitioner's self-defense theory, the California Court of Appeal reasonably determined that the failure to do so was not prejudicial because the additional evidence would have minimal probative value and would be cumulative to the evidence already presented. 28 U.S.C. 2254(d)(2). Trial counsel's failure to object to the prosecutor's closing and rebuttal arguments also was not prejudicial to Petitioner.

2.      The California Court of Appeal reasonably applied the standards illustrated in *Darden* for Petitioner's prosecutorial misconduct claims. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). As an initial matter, this Court is not procedurally barred from reviewing Petitioner's prosecutorial misconduct claims because the California Court of Appeal's decision did not rest on a clear and

2

express statement that the claims were procedurally defaulted. *See Chambers v. McDaniel*, 549 F.3d 9 1191, 1197 (9th Cir. 2008).

First, the California Court of Appeal reasonably concluded that it was proper for the prosecutor to question Petitioner about whether he had studied the law of homicide and to comment on defense counsel's strategy to delay opening argument. *See People v. Chandra*, No. A138401, 2015 WL 3750001, at *5–7 (Cal. Ct. App. June 16, 2015). The court reasoned that "[t]he prosecutor was identifying the reliability issues of the witnesses and highlighting defense counsel's potential strategy for managing these credibility concerns." *Id.* at *7. Accordingly, when examining the trial as a whole, these conclusions were reasonable and sufficiently grounded in the record. *See Darden*, 477 U.S. at 179 ("The prosecutors' comments must be evaluated in light of the defense argument that preceded it").

Second, the California Court of Appeal properly concluded that some of the prosecutor's statements—such as the argument that the victim may have been bending over or ducking at the time Petitioner shot him—were "within the bounds of permissible argument." *See Chandra*, 2015 WL 3750001, at *11; *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1992) ("[P]rosecutors must have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence."). Although other comments by the prosecutor—such as the statements that Petitioner slowly raised the gun before

firing and that Petitioner may have shot the victim while chasing him out the door—may not be reasonable inferences from the evidence presented at trial, the California Court of Appeal reasonably concluded that they did not render Petitioner's trial fundamentally unfair because (1) the prosecutor did not suggest that there was evidence to support his statements and (2) the jury was instructed to use only the evidence—and not the arguments—presented to render a verdict. *See Chandra*, 2015 WL 3750001, at *4 n.5, 11.

Third, the California Court of Appeal reasonably determined that the prosecutor's alleged misstatements of law were not unduly prejudicial because the trial court provided the jury with clear and correct instructions on relevant legal standards. *See id*. at *8; *Darden*, 477 U.S at 182–83; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 898 (9th Cir. 1996) ("The arguments of counsel are generally accorded less weight by the jury than the court's instructions . . . .").

Finally, the California Court of Appeal also reasonably determined that the prosecutor did not improperly call upon the jury's passions, prejudice, or sympathies. Considering the context in which these statements were made, the court reasonably concluded that they would not have affected a reasonable jury's ability to judge the evidence fairly. *See Chandra*, 2015 WL 3750001, at *13; *Ortiz-Sandoval*, 81 F.3d at 898 (a prosecutor's closing argument "must be judged in the context of the entire argument and the instructions").

4.	Because the California Court of Appeal reasonably held that Petitioner failed to identify any prejudicial errors that would render his trial fundamentally unfair, there were no cumulative errors that resulted in a violation of Petitioner's due process rights.  *See Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); *Brodit v. Cambra*, 350 F.3d 985, 992 (9th Cir. 2003).

5.	This Court will not consider Petitioner's uncertified issue on appeal because Petitioner has not made a substantial showing of the denial of his constitutional right to effective assistance of counsel, and he lacks a colorable claim for relief on same.  *See United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018); *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005).  Petitioner also seemingly abandons the uncertified issue in his reply brief to this Court.

**PETITION DENIED.**